UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JANETTA RHODES,

                Plaintiff,                Case No. 17-CV-1373

v.

MAHLER ENTERPRISES, INC.,

                Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action against Defendant Mahler Enterprises, Inc., (hereinafter "Defendant") for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201, *et seq.*, and the Wisconsin wage law, Wis. Stat. § 109.01, *et seq.*

2. Defendant maintained an unlawful policy of failing and refusing to compensate Plaintiff Janetta Rhodes, an hourly MahlerClean employee, and all other similarly situated employees, at the overtime rate in violation of the FLSA and Wisconsin Wage laws.

3. Rhodes, on behalf of herself and all other similarly situated employees, seeks compensation for all unpaid overtime wages and seeks all other such relief to which she is entitled and/or permitted under law, including all penalties, liquidated damages, and other damages, and reasonable attorneys' fees and costs.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. § 201, *et seq.*

5. This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other such claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

6. The Eastern District of Wisconsin has personal jurisdiction over Defendant because Defendant maintains facilities within the District, performs work within the District, and is subject to jurisdiction within the District.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) & (d) because Defendant is a corporation subject to personal jurisdiction within the District at the time this action is being commenced.

## PARTIES

8. Defendant Mahler Enterprises is a private Wisconsin company with its principal place of business in Milwaukee, Wisconsin. Its registered agent for service is Peter Mahler, 600 N Broadway, 2nd Floor, Milwaukee, WI 53202. Mahler Enterprises is an "employer" within the meaning of 29 U.S.C. § 203(d).

9. Since at least 2014, Defendant has operated some of its business as "MahlerClean" and employed more than 500 housekeeping, cleaning technicians, and other hourly employees to clean and maintain millions square feet of office, industrial, medical and institutional space per day in Wisconsin, Illinois, Minnesota, and Florida.

10. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of 29 USC § 203(s)(1).

11. Named Plaintiff Janetta Rhodes is an adult resident of Milwaukee, Wisconsin. Rhodes was employed by Defendant as a housekeeper from approximately April 2016 to May 2017.

### Failure to Pay Overtime.

12. Defendant operates MahlerClean, a division of Defendant that provides janitorial, cleaning, and related light maintenance services to medical, institutional, commercial, and industrial clients in Wisconsin, Illinois, Minnesota, and Florida (hereinafter, these clients are "accounts," various sites that were serviced are "account locations").

13. Since 2014, Defendant has employed more than 500 hourly cleaning and janitorial employees to provide services to client accounts, at various client locations, on behalf of MahlerClean. ("MahlerClean employees")

14. Rhodes often worked for more than one account during a workweek and sometimes for more than one account during a single workday. Other MahlerClean employees worked at multiple accounts during a workweek, as well.

15. Rhodes and other MahlerClean employees' rate of pay varied depending on the account location at which the employee was working. Rhodes' hourly rate of pay ranged from approximately $11.50 to $15.00 per hour.

16. Defendant required MahlerClean employees to record their hours worked via a telephone time keeping system. When MahlerClean employees arrived at a client account,

they used a specific telephone to call a designated phone number to "punch" in; MahlerClean employees punched out the same way when before leaving the account's premises.

17. Rhodes and other employees often worked in excess of forty (40) hours per week at Defendant's direction and with Defendant's authorization.

18. Defendant failed and refused to pay Rhodes overtime compensation for all hours worked in excess of forty (40) per week.

19. Rhodes complained to her supervisors and Defendant's payroll personnel that she was not paid time and one-half the relevant hourly wage rate for all hours worked in excess of forty (40) per week.

20. Defendant told Rhodes that the employer did not calculate its overtime pay obligations for hourly MahlerClean employees after forty (40) hours worked per week but rather based on a per pay period calculation, so that hourly MahlerClean employees were not automatically entitled to overtime after working forty (40) hours per week.

21. Upon information and belief, other hourly MahlerClean employees were not paid overtime for all hours worked in excess of forty (40) per week.

22. Defendant knowingly maintained a common policy of failing and refusing to pay employees the overtime rate of one and one-half times the regular hourly wage for all hours worked in excess of forty (40) per week.

23. Defendant failed to pay Rhodes the overtime premium pay rate for all hours worked in excess of forty (40) per week.

### A. FLSA Collective Action Allegations

24. Rhodes and other hourly MahlerClean employees are similarly situated and suffered violations of the Fair Labor Standards Act as the result of Defendant's uniform policy of failing to pay such employees an overtime pay premium of at least time and one half their regular wage for all hours worked in excess of forty (40) per week.

25. Claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to sec. 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiff and have claims that are similar to their first claim for relief.

### B. Wisconsin Unpaid Overtime Class (Rule 23 Class)

26. Rhodes seeks to represent a class of all current and former employees of the Defendants who fall within the following class description, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly employees of the Defendant who worked for its division, MahlerClean on or after October ___, 2014, and were not paid overtime compensation at a rate of one and one half times the regular hourly wage for all hours in excess of forty (40) worked per week.

27. Defendant employed at least 500 persons as hourly MahlerClean employees in the relevant time period. Joinder of all Class members is impracticable.

28. Questions of law and fact common to all MahlerClean employees predominate over any questions solely affecting individual members of the class, specifically, whether Defendant maintained a policy whereby it failed to calculate overtime owed to MahlerClean employees on an other-than weekly basis.

29. Rhodes's claims are typical of those of the Class, as Rhodes and Class members were subjected to the same illegal pay practice by Defendant.

30. Rhodes will fairly and adequately protect the interests of the Class and has retained counsel experienced in complex wage and hour litigation.

31. A class action is the superior means to fairly and efficiently adjudicate this controversy, where, as here, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court.

32. Defendant's common policy and practice denied the Wisconsin Unpaid Wage Class overtime wages to which they are entitled.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

33. Named Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

34. Defendant is a covered employer within the meaning of 29 U.S.C. § 203(d).

35. Named Plaintiff and Collective Class members are employees within the meaning of 29 U.S.C. § 203(e).

36. The FLSA requires each covered employer to compensate all nonexempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

37. During the applicable statute of limitations period, Named Plaintiff and Collective Class members performed work for Defendant in excess of forty (40) hours per week for which they were denied overtime compensation.

38. Defendant knew or showed reckless disregard for the fact that it failed to pay Named Plaintiffs and Collective Class members overtime and minimum wage compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME IN VIOLATION OF WISCONSIN LAW

39. Named Plaintiff, individually and on behalf of the Wisconsin Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

40. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. § 103.001 and Wis. Stat. § 104.01.

41. Named Plaintiff and Wisconsin Class members are or were employees within the meaning of Wis. Stat. §§ 103.001(5) and 104.01(2).

42. Named Plaintiffs and members of the putative Wisconsin Class are not exempt from overtime pay requirements under Wisconsin law.

43. At all relevant times, Defendant had a policy and practice of failing and refusing to pay overtime wages to Named Plaintiff and the putative Wisconsin Unpaid Wage Class members for all hours worked in excess of forty (40) hours per work week.

44. Defendant's failure to pay overtime due to Named Plaintiff and the putative Wisconsin Unpaid Wage Class members was willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief:

A. Issue notice to all similarly situated Mahler Clean employees informing them of their right to file consents to join this action;

B. Certify all Plaintiff's federal claims as a Collective Action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b);

C. Certify all Plaintiff's state law claims under Wis. Stat. Ch. 109 as a class action pursuant to Fed R. Civ. P. 23;

D. Award Named Plaintiff and all members of the Collective Class and Wisconsin Unpaid Wage Class their unpaid overtime rate of pay for all hours of work in excess of forty hours per week;

E. Award an additional amount under federal law as liquidated damages, equal to the amount awarded in ¶B of this prayer for relief pursuant to federal law;

F. Award an additional amount under Wisconsin state law in the amount of 50% of the amount of wages due and unpaid awarded in ¶B of this prayer for relief pursuant to state law;

G. Enter an order permanently enjoining and restraining Defendant from violating the provisions of Wisconsin state law and Federal Law;

H. Award Plaintiff's attorneys their reasonable fees and costs of this action; and

I. Grant all Plaintiffs such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury.

Dated this 11th day of October, 2017.

/s/ Sara J. Geenen
Sara J. Geenen (SBN 1052748)
THE PREVIANT LAW FIRM, S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308
sjg@Previant.com